PER CURIAM.
Miguel Acevedo appeals an order denying his motion for post-conviction relief under Rule 3.850, Florida Rules of Criminal Procedure. We reverse.
Acevedo was convicted of aggravated battery in 1990 and sentenced to incarceration for three years. He filed a motion for post-conviction relief, alleging ineffective assistance of counsel pursuant to Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The trial court entertained argument by counsel, but did not conduct an evidentiary hearing. The trial court denied the motion and Acevedo has appealed.
Under Rule 9.140(g), Florida Rules of Appellate Procedure, “Unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an *312 evidentiary hearing.” Based on the relatively scanty record before us, and our perusal of the file on Acevedo’s prior appeal, Acevedo v. State, 574 So.2d 1221 (Fla. 3d DCA 1991), it appears that Acevedo was an armed security guard. He got into an altercation with the victim. The victim testified that Acevedo drew his gun and shot him in the leg. There was conflicting evidence that Acevedo did fire his gun, but pointed it at the ground. On this theory, the shooting was accidental, resulting from a bullet ricochet which hit the victim.
Acevedo contends that his trial counsel was ineffective by reason of not bringing out the fact that the victim had filed a civil lawsuit against the security guard company, in which the victim claimed that the shooting was accidental. Acevedo also contends that the jury was not informed that the victim had described the episode to the fire rescue personnel as a “drive by” shooting, rather than the encounter described at trial. Acevedo also contends that the victim could have been impeached by reason of prior felony convictions, and for other reasons, and that trial counsel did not undertake the impeachment. Several other allegations are made, which need not be detailed here.
In light of the contents of the motion, we are unable to say that “the record shows conclusively that the appellant is entitled to no relief,” Fla.R.App.P. 9.140(g), and we therefore reverse the order under review and remand for an evidentiary hearing under the standards set forth in Strickland v. Washington. See Harris v. State, 495 So.2d 1235 (Fla. 3d DCA 1986).
Reversed and remanded.